UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BAY-HOUSTON TOWING CO., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-00049 |
| | § | |
| M/V BARBARA E. BOUCHARD, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Bay-Houston Towing Co. ("Bay-Houston") filed this admiralty suit against the *M/V Barbara E. Bouchard*, Barge B No. 240, and Bouchard Transportation Co., Inc. ("Bouchard"), seeking $161,945.17 for services rendered to several vessels allegedly owned by Bouchard, including the *M/V Barbara E. Bouchard* and Barge B No. 240. (D.E. 1, 1-1). Bay-Houston also sought and obtained attachment and arrest of the *M/V Barbara E. Bouchard* and Barge B No. 240 under Supplemental Admiralty Rules B and C. (D.E. 1, 3, 4, 7). Now pending is Bouchard's motion to dismiss for insufficient process (D.E. 24), to which Bay-Houston has responded (D.E. 31). For the reasons discussed further below, it is recommended that Bouchard's motion (D.E. 24) be DENIED.

### I. BACKGROUND

In the complaint, Bay-Houston alleges that Bouchard owes money for tug assistance in the berthing and unberthing of Bouchard vessels by Bay-Houston. (D.E. 1 at 2). Bouchard contracted with Bay-Houston for this purpose and an invoice was sent to

Bouchard each time Bay-Houston provided towing services. (*Id.* at 3). Bouchard has paid some invoices, but other amounts remain outstanding and past due. (*Id.*). Bay-Houston attached a listing of the amounts due on various Bouchard vessel and barge combinations to its complaint. (D.E. 1-1). The total amount allegedly due is $161,945.17, including $7,648.73 from the combination of the *M/V Barbara E. Bouchard* and Barge B. No. 240. (*Id.*).

## II. DISCUSSION

In the motion to dismiss, Bouchard argues that it is not the owner of the *M/V Barbara E. Bouchard*, Barge B. No. 240, or any of the other vessels that Bay-Houston alleges owe payment under the contract. (D.E. 24 at 1-2). Instead, Bouchard argues that each of these vessels are owned by separate, single-vessel owning corporations. Accordingly, Bouchard contends that Bay-Houston's service of the complaint on the Master of the *M/V Barbara E. Bouchard* was ineffective to serve the Bouchard Transportation Co., Inc., and that Bay-Houston has not established *quasi in rem* jurisdiction over the company based on the attachment of the *M/V Barbara E. Bouchard*. (*Id.*).

Bay-Houston first responds that, in addition to the service on the Master of the *M/V Barbara E. Bouchard*, Bouchard was personally and properly served with the summons and complaint at its headquarters in New York. (D.E. 28; D.E. 31 at 3). Further, Bay-Houston contends that Bouchard submitted itself to personal jurisdiction for the *in personam* breach of contract claim by filing an answer to the complaint. (D.E. 31 at 3). Bay-Houston argues that the Court has jurisdiction *in rem* over the *M/V Barbara E.*

*Bouchard* and Barge B. No. 240 because they were properly arrested pursuant to Rule C in order to secure the payments due for services provided to those specific vessels. (*Id.* at 3-4). Accordingly, Bay-Houston asserts that the only remaining question is whether the Court has quasi *in rem* jurisdiction over the *M/V Barbara E. Bouchard* and Barge B. No. 240 to secure payment for the services rendered to the other vessels, but that Bouchard lacks standing to challenge this jurisdiction because it claims to not be the owner of the vessels. (*Id.* at 4-5). Finally, Bay-Houston argues that Bouchard has provided no evidence supporting its claim that it does not own the vessels, and that regardless, it holds itself out as the owner of the vessels and the attachment is proper. (*Id.* at 5-6).

      Bouchard did not file a reply.

      Pursuant to the Federal Rules of Civil Procedure, the court is authorized to dismiss a civil action for insufficiency of service of process. Fed. R. Civ. P. 12(b)(5). Absent proper service of process, the court cannot exercise jurisdiction over a party named as a defendant. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Although "[a]ctual notice of the litigation does not satisfy the requirement of proper service of a summons under Rule 4," if a party "voluntarily submits [it]self to the court's jurisdiction by appearing before it and allowing it to adjudicate [its] rights," the party waives its right to argue the defense of defective service. *McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902, 907 (5th Cir. 1995).

      Here, Bouchard's only argument that service was ineffective under Rule 12(b)(5) is that the Master of the *M/V Barbara E. Bouchard* was not authorized to accept service on behalf of Bouchard because that vessel is not owned by Bouchard. (*See generally*

3

D.E. 24). However, Bay-Houston also personally served Bouchard at its corporate headquarters within 90 days of the filing of the complaint. (D.E. 28); Fed. R. Civ. P. 4(m). This occurred after Bouchard filed its motion to dismiss, but before Bay-Houston's response, and Bouchard has not filed a reply or otherwise challenged this service on its headquarters. Accordingly, even if the service on the Master of the *M/V Barbara E. Bouchard* was ineffective, Bouchard has not challenged the second way in which it was served, and that service remains effective.[1]

Moreover, Bouchard has provided no support for the assertion that it does not own the *M/V Barbara E. Bouchard* or the Barge B. No. 240. In contrast, Bay-Houston has provided a copy of its internal billing files showing Bouchard as the owner, along with a time charter party identifying Bouchard as the owner of the *M/V Barbara E. Bouchard* and the Barge B. No. 240. (D.E. 31-3, 31-5). In the context of a Rule 12(b)(5) motion, it is appropriate to consider evidence outside the pleadings and public records that the parties may provide for the specific purpose of establishing the validity of service. *Fields v. SDH Services East, LLC*, 2019 WL 1098369 at *2 (S.D. Tex. Mar. 7, 2019). Bay-Houston, who bears the burden of establishing the validity of service, has submitted such relevant evidence in support of its service on the Master of the *M/V Barbara E. Bouchard*. Bouchard has not supported its assertion outside of the conclusory statements

---

[1] To the extent that Bay-Houston argues that Bouchard waived any objection to service by filing an answer, the answer and the present motion to dismiss were filed contemporaneously. (*See* D.E. 21, 24). Although in separate documents, Bouchard did object to the sufficiency of service of process "at the time [it made its] first defensive move." *Golden v. Cox Furniture Mfg. Co.*, 683 F.2d 115, 118 (5th Cir. 1982). Bouchard perhaps should have included this objection in its answer as well, but because service was otherwise effective, it is unnecessary to decide the waiver issue.

in its motion.

Finally, to the extent that Bouchard challenges the effectiveness of service on the *M/V Barbara E. Bouchard* and Barge B. No. 240 *in rem*, this challenge is unavailing. Either Bouchard owns the vessel and barge, in which case service on the Master of the *M/V Barbara E. Bouchard* was appropriate to obtain *quasi in rem* jurisdiction over Bouchard as well, or it does not own them, in which case it lacks standing to challenge the service on them. Notably, Bay-Houston does not actually sue any vessels other than the *M/V Barbara E. Bouchard* and Barge B. No. 240. (*See generally* D.E. 1). To the extent that Bouchard contends that the attached vessel and barge cannot act as security for debts owed by other vessels that are part of Bay-Houston's claim, that is not an issue of service to be remedied by a Rule 12(b)(5) motion, nor is it a claim to be raised by Bouchard if the company, in fact, does not own the *M/V Barbara E. Bouchard*, the Barge B. No. 240, or any of the other vessels.

### III.  RECOMMENDATION

Accordingly, it is recommended that Bouchard's motion to dismiss (D.E. 24) be DENIED.

Respectfully submitted this 20th day of March, 2020.

_____
Julie K. Hampton
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).